**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 2 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEAN PASCAL, | No. 25-3636 |
| Petitioner, | Agency No. A061-927-746 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 26, 2026**

Before:    S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Jean Pascal, a native and citizen of Haiti, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"), and the BIA's denial of a motion to remand. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We review for abuse of discretion the denial of a motion to remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Pascal does not challenge the BIA's conclusion that he waived review of the IJ's determination that his conviction for a particularly serious crime rendered him ineligible for asylum, withholding of removal, and withholding of removal under the CAT, so we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

Substantial evidence supports the agency's denial of deferral of removal under the CAT because Pascal failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Haiti. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture). We do not address Pascal's contentions as to internal relocation because the BIA did not deny relief on that ground. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)). We reject as unsupported by the record

Pascal's contentions that the agency found him not credible, did not consider all the evidence, and did not consider the risk of torture in the aggregate.

Pascal does not challenge the agency's conclusion that he was ineligible for cancellation of removal because of a conviction for an aggravated felony, so we do not address it. *See Lopez-Vasquez*, 706 F.3d at 1079-80. We also do not address Pascal's contentions as to the stop-time rule because the agency did not find him ineligible for cancellation of removal for lack of continuous physical presence. *See Santiago-Rodriguez*, 657 F.3d at 829.

The BIA did not abuse its discretion in denying Pascal's motion to remand for failure to establish the additional evidence would likely change the outcome of his case. *See Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 759 (9th Cir. 2023) (a motion to remand is treated the same as a motion to reopen); *see also Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1183 (9th Cir. 2023) ("would likely change" standard applies to decisions made on the discretionary ground).

Pascal's claim that the issuance of an immigration detainer violated due process fails because he has not shown error or prejudice. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

**PETITION FOR REVIEW DENIED.**